UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRETT N. DUNCAN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:24-cv-00778-SEP |
| RICHARD ADAMS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Petitioner Barrett N. Duncan's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Doc. [1]. For the reasons set forth below, Petitioner must show cause as to why the case should not be dismissed for failure to exhaust state-court remedies.

### FACTS AND BACKGROUND

Petitioner is an inmate at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri. Petitioner filed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on the ground that his probation was inappropriately "revoked before ever going to trial." Doc. [1] at 4. Attached to the Petition is a second form petition in which Petitioner alleges that he was coerced into pleading guilty and that the state withheld evidence that he acted in self-defense. *See* Doc. [1-1] at 5-7.

Petitioner pled guilty on June 28, 2021, to domestic assault in the first degree.[1] *See State v. Duncan*, Case No. 20WA-CR00590-01 (Mo. Cir. Ct. June 28, 2021) (Mo. Case.net). On September 27, 2021, Petitioner was sentenced to 20 years in the custody of the Missouri Department of Corrections, but the sentence was suspended and he was placed on probation for a term of five years. On April 24, 2023, his probation was revoked, and he was ordered to serve the 20-year sentence.

---

[1] The Court takes judicial notice of the relevant state-court records published on Missouri's Case.net. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district courts may take judicial notice of public records).

## DISCUSSION

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State . . . .

"The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Id.* (quoting *Rose*, 455 U.S. at 518). The rule also "promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Id.* (quoting *Rose*, 455 U.S. at 518).

A petitioner satisfies the exhaustion requirement by showing "that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999); *see also Meador v. Branson*, 688 F.3d 433, 435 (8th Cir. 2012). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. "To exhaust a challenge to probation revocation proceedings in Missouri, a petitioner must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or associate circuit court of the county where he is in custody." *Upchurch v. Redington*, 2018 WL 6046411, at *1 (E.D. Mo. Nov. 19, 2018) (citing Mo. S. Ct. R. 91.01(a); *Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982)). "If denied, the petitioner may then file 'a petition for habeas corpus in a Missouri appellate court.'" *McEuen v. Morriss*, 2024 WL 620363, at *3 (E.D. Mo. Feb. 14, 2024)) (quoting *Romano*, 681 F.2d at 556-57).

Petitioner has not shown that he exhausted his state remedies, and the Court can find no evidence that Petitioner has raised the arguments in his Petition before a Missouri state court.

Accordingly, Petitioner must show cause why the Petition should not be dismissed under 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust available state remedies.

To the extent Petitioner is challenging his original conviction, the Petition appears to have been filed out of time.  The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) sets "a 1-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 549 U.S. 327, 329 (2007) (citation omitted) (citing 28 U.S.C. § 2244(d)).  "AEDPA's one-year statute of limitations begins to run on the latest of four alternative dates set forth in § 2244(d)(1)." *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001).  Relevant here is the provision stating that a habeas petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner's original conviction became final 10 days after he was sentenced on September 27, 2021, so any habeas application related to his original conviction had to be filed no later than October 7, 2022.  Petitioner states he placed the Petition in the prison mailing system on April 2, 2024.  *See* Doc. [1-1] at 14.  Therefore, the Petition appears to be barred by AEDPA's statute of limitations.  If Petitioner wants to challenge his original conviction, he must show cause why the Petition should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, Petitioner must show cause why the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Doc. [1], should not be dismissed (1) for failure to exhaust state remedies and (2) as barred by AEDPA's statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's failure to respond to this Order in a timely manner will result in a dismissal of this action without prejudice.

Dated this 24th day of July, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE